EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Richard Torres Irizarry<br><br>Peticionario | Certiorari<br><br>2017 TSPR 172<br><br>198 ____ |

Número del Caso: CC-2014-1030


Fecha: 15 de septiembre de 2017


Región Judicial de Mayagüez - Aguadilla


Abogada del Peticionario:

　　　Lcda. Wanda Tamara Castro Alemán
　　　Sociedad para Asistencia Legal

Oficina de la Procuradora General:

　　　Lcda. Margarita Mercado Echegaray
　　　Procuradora General

　　　Lcda. Mónica Cordero Vázquez
　　　Procuradora General Auxiliar


Materia: Procedimiento Penal: Una persona no renuncia a plantear en apelación la defensa de doble exposición por el hecho de haber realizado una alegación de culpabilidad y un preacuerdo. Procede la aplicación retroactiva de lo resuelto en Pueblo v. Sánchez Valle, 192 DPR 594 (2015), en los casos en que no hay una sentencia condenatoria final y firme.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

                                CC-2014-1030      Certiorari

        v.

Richard Torres Irizarry

    Peticionario


Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo


San Juan, Puerto Rico, a 15 de septiembre de 2017.

En esta ocasión nos corresponde determinar si una persona renuncia a levantar en apelación la defensa de doble exposición por haber realizado una alegación de culpabilidad y un preacuerdo. Además, resolvemos si procede la aplicación retroactiva de la norma pautada en el caso de Pueblo v. Sánchez Valle, 192 DPR 594 (2015).

Adelantamos que, en el contexto de Pueblo v. Sánchez Valle, supra, una persona que hace alegación de culpabilidad y llega a un preacuerdo no renuncia a su derecho a no ser procesado en Puerto Rico por los mismos delitos por los cuales fue

anteriormente expuesto, convicto o absuelto en la esfera federal. Además, resolvemos que la norma establecida en Pueblo v. Sánchez Valle, supra, es de aplicación retroactiva cuando no hay una sentencia condenatoria final y firme, debido a que en el citado caso se pautó una norma jurisprudencial que proveyó una defensa de carácter constitucional a favor de un acusado.

**I**

Por hechos ocurridos el 2 de noviembre de 2013, ese mismo día se presentaron varias denuncias en contra del Sr. Richard Torres Irizarry (peticionario) en el Tribunal de Primera Instancia de Puerto Rico.[1]

A su vez, por los mismos hechos se inició un procedimiento criminal en contra del peticionario ante el Tribunal Federal para el Distrito de Puerto Rico (Tribunal Federal).[2] Luego de varios trámites, el 13 de enero de 2014, el peticionario presentó un *Plea Agreement* por infringir la disposición 18 USC secs. 922 (k) y 924 (a)(1)(B) (posesión de un arma de fuego con el número de serie mutilado, removido o alterado que fue transportada en el comercio interestatal).[3] **Por ello, el 21 de abril**

---

[1] Véanse *Denuncias*, Apéndice de la Petición de *certiorari*, págs. 106-110.

[2] Véase *Criminal Complaint* y *Affidavit*, Apéndice de la Petición de *certiorari*, págs. 49-51.

[3] Véase *Plea Agreement*, Apéndice de la Petición de *certiorari*, págs. 59-68.

**de 2014 fue sentenciado a 60 meses de reclusión en la cárcel federal.**[4]

En el proceso estatal, luego de celebrar la vista preliminar, el Tribunal de Primera Instancia encontró causa probable para acusar al peticionario por varios delitos comprendidos en la Ley de Armas y en el Código Penal. Así las cosas, **el 1 de mayo de 2014, el peticionario solicitó la desestimación de los cargos estatales por el fundamento de doble exposición, pues ya había resultado convicto en el Tribunal Federal por los mismos hechos.**[5] Según expuso, el precedente establecido en <u>Pueblo v. Castro García</u>, 120 DPR 740 (1988), debía revocarse porque Puerto Rico no tiene una soberanía separada a la del gobierno federal. Por su parte, el Ministerio Público se opuso a la desestimación de los cargos fundado en que nuestro ordenamiento jurídico sí permite procesar a un ciudadano por los mismos hechos por los cuales se procesó en la esfera federal.[6]

Así las cosas, el 21 de mayo de 2014 el Tribunal de Primera Instancia notificó una Resolución en la que declaró "no ha lugar" la solicitud de desestimación. La

---

[4] Véase *Judgment*, Apéndice de la Petición de *certiorari*, págs. 173-178.

[5] *Moción de Desestimación al amparo del debido proceso de ley y el derecho constitucional contra la doble exposición*, Apéndice, págs. 130-131. Véase también *Moción y memorando de derecho en apoyo de Moción de Desestimación* presentada el 19 de mayo de 2014, Apéndice, págs. 141-172.

[6] Véase *Moción en oposición a desestimación al amparo del debido proceso de ley y el derecho constitucional contra la doble exposición*, Apéndice, págs. 132-133.

determinación explicaba que en nuestro ordenamiento jurídico sí se puede encausar a una persona por los mismos delitos por los cuales fue expuesto, convicto o absuelto en la jurisdicción federal. En lo pertinente, la Resolución disponía lo siguiente:

> **En el presente caso no es un hecho en controversia que el acusado fue encontrado culpable en la jurisdicción federal por delitos que surgen de los mismos hechos por los cuales fue acusado en nuestra jurisdicción.**
> .   .   .   .   .   .   .   .
> Así las cosas, la única pregunta a contestar en esta etapa es: **¿Puede el acusado ser juzgado en la jurisdicción de Puerto Rico por hechos por los cuales haya sido convicto en la jurisdicción federal? La contestación es que sí** […]. Por todo lo cual se declara "NO HA LUGAR" a la moción de desestimación de la defensa y se ordena la continuación de los procedimientos. (Énfasis suplido).[7]

Ante la denegatoria de la petición de desestimación, el 10 de junio de 2014 (día del juicio) el peticionario hizo unas alegaciones de culpabilidad por dos infracciones al Art. 109 del Código Penal (tentativa de agresión agravada), una infracción al Art. 5.04 de la Ley de Armas (portación de un arma de fuego sin licencia), una violación al Art. 5.10 de la Ley de Armas (compra, venta, recibo, enajenación, traspaso o posesión de arma con número de serie alterado), y una infracción al Art. 5.15 de la Ley de Armas (disparar o apuntar armas).[8] El Tribunal de Primera Instancia aceptó las alegaciones de culpabilidad y dictó las correspondientes Sentencias, cuyas penas totalizaron 16 años de prisión a cumplirse de

---

[7] Véase *Resolución*, Apéndice de la Petición de *certiorari*, págs. 179-180.

[8] Véase *Minuta*, Apéndice de la Petición de *certiorari*, págs. 197-203.

forma concurrente con la Sentencia previamente dictada en la esfera federal.[9]

Inconforme, el 8 de julio de 2014, el peticionario presentó un recurso de *certiorari*[10] ante el Tribunal de Apelaciones, en el cual señaló que el foro de instancia erró al denegar la moción sobre desestimación de las acusaciones al amparo de la defensa de doble exposición, a pesar de que la doctrina de soberanía dual no aplica en nuestro ordenamiento jurídico. Conforme a ello, en la súplica, el peticionario solicitó que se revocara la Sentencia recurrida. Por su parte, el Estado alegó que "la alegación preacordada constituy[ó] una renuncia al reclamo [de doble exposición]." (Énfasis suplido).[11] A su vez, advirtió que procedía denegar la expedición del recurso de *certiorari* presentado por el peticionario porque la revisión apelativa de los acuerdos de culpabilidad debe circunscribirse a los planteamientos en los que se impugne la voluntariedad de éstos, los que, según adujo, no se presentaron en este caso.

Mediante una Resolución notificada el 29 de septiembre de 2014, el foro apelativo intermedio denegó

---

[9] Véanse Sentencias del Tribunal de Primera Instancia, Apéndice de la Petición de *certiorari*, págs. 192-196.

[10] La Regla 32(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, estatuye que las sentencias en los casos de convicción por alegación de culpabilidad se revisarán por *certiorari*. Asimismo, lo dispone la Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II.

[11] Véase *Escrito en cumplimiento de orden*, Apéndice de la Petición de *certiorari*, pág. 34.

la expedición del recurso de *certiorari* y, al así
hacerlo, expresó lo siguiente:

> [E]l acuerdo aprobado por el TPI no se puede atacar
> colateralmente a menos que se impugne su
> voluntariedad, lo que no ha ocurrido en el presente
> caso.
> . . . . . . . .
> Desde el punto de vista sustantivo, tampoco procede
> considerar el planteamiento del peticionario
> relacionado con la protección constitucional contra la
> doble exposición y la inaplicabilidad de la doctrina
> de la soberanía dual. **En este momento, la norma
> vigente la estableció el TSPR en *Pueblo v. Castro
> García*, 120 DPR 740 (1988),** por lo cual la
> controversia ha sido más que resuelta. (Énfasis
> suplido).[12]

Aún insatisfecho, el 10 de octubre de 2014 el
peticionario presentó una moción de reconsideración ante
el Tribunal de Apelaciones.[13] En ésta reiteró sus
planteamientos sobre doble exposición y señaló lo
siguiente: "[c]uando un acusado hace alegación de
culpabilidad renuncia a los derechos constitucionales que
son esenciales a la celebración del juicio, ya que
básicamente está renunciando a esta etapa del proceso
judicial". (Énfasis omitido).[14] Sobre su reclamo, añadió
que "[e]l derecho constitucional contra la doble
exposición no es uno de los derechos inherentes a la
celebración del juicio en su fondo[,] [s]e trata de una
protección constitucional fundamental que impide el
proceso judicial en su totalidad, por lo que priva al

---

[12] *Resolución*, Apéndice de la Petición de *certiorari*, págs. 19-20.

[13] *Solicitud de Reconsideración*, Apéndice de la Petición de *certiorari*, págs. 4-10.

[14] Íd., pág. 5.

tribunal de jurisdicción sobre la causa criminal".[15] De conformidad con lo expuesto, concluyó que su alegación de culpabilidad no constituyó una renuncia a su derecho constitucional contra la doble exposición. Empero, la moción de reconsideración fue denegada mediante una Resolución notificada el 28 de octubre de 2014.

En desacuerdo, el 1 de diciembre de 2014 el peticionario presentó un recurso de *certiorari* ante este Tribunal.[16] En específico, señaló lo siguiente:

> (1) Cometió error el Tribunal de Apelaciones al denegar la expedición del auto de *certiorari* al entender que por haber hecho alegación de culpabilidad el peticionario no podía plantear que el proceso y sentencia ante el TPI violó la garantía constitucional contra la doble exposición.

> (2) Cometió error el Tribunal de Apelaciones al denegar la expedición del auto de *certiorari* por el fundamento de que la doctrina de la soberanía dual es aplicable a Puerto Rico a la luz de lo resuelto en <u>Pueblo v. Castro García</u>, supra, en violación al derecho constitucional del acusado peticionario contra la doble exposición al amparo del Art. II, sec. 11, Const. ELA, LPRA, Tomo 1.

Debemos señalar que mientras el caso de epígrafe se encontraba pendiente ante esta Curia, el 20 de marzo de 2015 variamos nuestra interpretación sobre doble exposición cuando resolvimos el caso <u>Pueblo v. Sánchez Valle</u>, 192 DPR 594 (2015). Allí interpretamos que Puerto

---

[15] Íd., pág. 7.

[16] El término para acudir ante nos vencía el jueves, 27 de noviembre de 2014. No obstante, ese día era feriado y, además, el día siguiente fue cierre total de la Rama Judicial. Por ello, el término se extendió hasta el próximo día hábil, lunes 1 de diciembre. Véase, *Resolución de extensión de términos por motivo de concesión del viernes, 28 de noviembre de 2014.*

Rico no tiene una soberanía distinta a la del gobierno federal, por lo que éste no podía procesar a una persona por los mismos delitos por los cuales fue expuesto, convicto o absuelto en la esfera federal.

Conforme a lo recién resuelto, el 27 de marzo de 2015 emitimos una Resolución en la que se ordenó al Estado mostrar causa por la cual no debíamos revocar la Resolución dictada por el Tribunal de Apelaciones.

En su comparecencia ante este Foro, la Procuradora General reconoció que lo resuelto en Pueblo v. Sánchez Valle, *supra*, varió la interpretación que hasta ese momento estaba vigente en nuestra jurisdicción sobre doble exposición. Sin embargo, adujo que sólo procedía examinar su aplicación en cuanto al delito tipificado en el Art. 5.10 de la Ley de Armas, ya que éste es el único que tiene los mismos elementos de la conducta delictiva por la que el peticionario fue convicto y sentenciado en la jurisdicción federal.

**II**

A. La garantía constitucional contra la doble exposición y su normativa jurisprudencial

La protección constitucional contra la doble exposición establece que "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1, ed. 2008, pág. 343.[17]

---

[17] Véanse Pueblo v. Sánchez Valle, 192 DPR 594, 602 (2015); Regla 64(e) de Procedimiento Criminal, 34 LPRA Ap. II.

Asimismo, la Quinta Enmienda de la Constitución de Estados Unidos establece que nadie podrá ser sometido por el mismo delito dos veces a un juicio.[18] Esta garantía es de carácter fundamental y se extiende a los estados de la Unión Americana y a Puerto Rico a través de la Decimocuarta Enmienda.[19] Dicha disposición pretende evitar que el Estado abuse de su autoridad y someta a un ciudadano a múltiples procedimientos intentando conseguir su convicción por la comisión de una misma conducta delictiva.[20] Además, protege al ciudadano de sufrir la incertidumbre de que, aun siendo inocente, pueda ser encontrado culpable en cualquier momento.[21]

La protección de la doble exposición se extiende, a saber:

> (i) contra ulterior exposición tras absolución por la misma ofensa; (ii) contra ulterior exposición tras convicción por la misma ofensa; (iii) contra ulterior exposición tras exposición anterior por la misma ofensa (tras haber comenzado el juicio, que no culminó ni en absolución ni en convicción), y (iv) contra castigos múltiples por la misma ofensa. Esto es, protege no sólo contra castigos múltiples, sino también contra procesos múltiples o sucesivos.[22]

---

[18] El texto original lee como sigue: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb". Véase Emda. V, Const. EE. UU., LPRA, Tomo 1, ed. 2008, pág. 189; Pueblo v. Sánchez Valle, supra, pág. 602.

[19] Pueblo v. Santiago, 160 DPR 618, 627 (2003).

[20] Íd; pág. 627.

[21] Íd; págs. 627-628.

[22] Íd; pág. 628.

Ahora bien, para que se active la protección constitucional contra la doble exposición se tienen que cumplir los siguientes requisitos: (1) que los procedimientos celebrados en contra de la persona sean de naturaleza penal; (2) que se haya iniciado o celebrado un primer juicio bajo un pliego acusatorio válido y en un tribunal con jurisdicción, y (3) que el segundo proceso al cual se somete al individuo tiene que ser por el mismo delito o uno menor incluido por el cual ya fue, expuesto, convicto o absuelto.[23]

Para determinar qué constituye un mismo delito para efectos de la cláusula contra la doble exposición, este Foro adoptó la norma establecida por el Tribunal Supremo de Estados Unidos en Blockburger v. United States, 284 US 299 (1932).[24] El análisis se ciñe a la comparación de las definiciones de los delitos para evaluar que cada uno requiera, por lo menos, un elemento que el otro no requiere.[25] Si se confirma ese elemento adicional o distinto, puede castigarse por más de un delito.[26] Por otro lado, si la definición de uno de los delitos contiene todos los elementos de la definición del otro

---

[23] Pueblo v. Sánchez Valle, supra, págs. 602-603.

[24] Íd., pág. 603.

[25] Íd., pág. 603.

[26] Íd., a la pág. 603.

delito, estamos frente a un solo delito, en la medida en que el segundo constituye un delito menor incluido.[27]

En *Pueblo v. Castro García*, 120 DPR 740, 783 (1988), este Tribunal resolvió que el Estado Libre Asociado de Puerto Rico era soberano para efectos del encausamiento criminal y que, por ello, exponer a un acusado en la esfera estatal y federal por un mismo delito no infringía la cláusula de doble exposición. Sin embargo, la normativa antes expuesta fue revocada por la Opinión que emitimos en *Pueblo v. Sánchez Valle*, 192 DPR 594 (2015); posición que fue confirmada por el Tribunal Supremo Federal en *Commonwealth of Puerto Rico v. Sánchez Valle*, 136 S. Ct. 1863.

En *Pueblo v. Sánchez Valle*, supra, pág. 596, interpretamos que:

> El Estado Libre Asociado de Puerto Rico no es un ente soberano, pues, como territorio, su fuente última de poder para procesar delitos se deriva del Congreso de Estados Unidos. Su poder lo ejerce como parte de una delegación de poderes y no por una cesión de soberanía del Congreso de Estados Unidos. Por lo tanto, los fundamentos que el Tribunal Supremo de Puerto Rico utilizó en *Pueblo v. Castro García*, 120:740 (1988), y el resultado alcanzado entonces no tienen base en el derecho constitucional federal.

Por ello, resolvimos que **una persona procesada criminalmente en la esfera federal no puede ser procesada por el mismo delito o uno menor incluido en la esfera estatal porque violenta el derecho constitucional contra la doble exposición**, según consagrado en la Quinta

---

[27] Íd., *Pueblo v. Rivera Cintrón*, 185 DPR 484, 495 (2012).

Enmienda de la Constitución de Estados Unidos.[28] Así lo confirmó el Tribunal Supremo Federal.

B.    La alegación de culpabilidad

A través de una alegación de culpabilidad, el acusado renuncia a ciertas garantías constitucionales y estatutarias que le cobijan, a saber: (1) el derecho a un juicio justo, imparcial y público; (2) a ser juzgado por un juez o jurado; (3) a que se establezca su culpabilidad más allá de duda razonable, y (4) el derecho a presentar evidencia a su favor y a rebatir la prueba en su contra. Pueblo v. Acosta Pérez, 190 DPR 823, 829-830 (2014). La renuncia a estos derechos debe ser expresa. Pueblo v. Torres Nieves, 105 DPR 340, 350 (1976).

Por la magnitud de dichas renuncias, la Regla 70 de Procedimiento Criminal, 34 LPRA sec. 70, establece que "[e]l tribunal no aceptará la alegación de culpabilidad sin determinar primeramente que la misma se hace voluntariamente, con conocimiento de la naturaleza del delito imputado y de las consecuencias de dicha alegación". Además, el tribunal debe cerciorarse que el imputado es consciente de todos los efectos y repercusiones que tendrá su alegación. Pueblo v. Acosta Pérez, supra, págs. 831-832.

En ese sentido, previo a la aceptación de una alegación preacordada, el juez debe asegurarse que dicha alegación ha sido: **(1) realizada con conocimiento,**

---

[28] Pueblo v. Sánchez Valle, supra, pág. 646.

**conformidad y voluntariedad del imputado; (2) conveniente a una sana administración de la justicia, y (3) conforme a derecho y a la ética.** (Énfasis nuestro). Pueblo v. Pérez Adorno, 178 DPR 946, 957 (2010).

Así, en Pueblo v. Suárez Ramos, 163 DPR 460, 468 (2004) este Tribunal estableció que:

> [e]sto necesariamente implica que el acusado tenga pleno conocimiento del derecho al que renuncia y de las consecuencias de su decisión. Pueblo v. López Rodríguez, supra. **Conforme a ello, hemos exigido además que la renuncia sea consciente e inteligente en el sentido de que el renunciante sea informado apropiadamente de los derechos constitucionales que le asisten antes de proceder a tomar la decisión de abandonarlos.** Pueblo v. López Rodríguez, supra. **La validez constitucional de dicha renuncia será evaluada a base de la totalidad de las circunstancias que la rodearon.** (Énfasis nuestro).

En Pueblo v. Román Martí, 169 DPR 809, 821-822 (2007) este Foro aclaró lo siguiente:

> No obstante, hemos establecido que una sentencia dictada a raíz de una alegación de culpabilidad es revisable mediante un recurso de *certiorari*, librado discrecionalmente, para examinar un ataque a la suficiencia de la acusación o a la jurisdicción del tribunal sentenciador, y para plantear alguna irregularidad en el pronunciamiento de la sentencia. Hemos expresado que porque un acusado haya sido convicto mediante una alegación de culpabilidad, no impide que éste ataque directamente la validez de la alegación cuando es el resultado de una coacción o cuando un tribunal incumple con su deber de investigar **asuntos que requiere la Constitución** o la ley. Asimismo, hemos señalado que un convicto por alegación de culpabilidad puede impugnar colateralmente su sentencia si no fue producto de una decisión inteligente.
>
> Aunque ciertamente hemos resuelto que al hacerse alegación de culpabilidad se renuncia a valiosos derechos constitucionales relacionados, esencialmente, con el acto del juicio, y

consustanciales con el derecho constitucional a un debido proceso de ley, **bajo ninguna circunstancia puede interpretarse que tal alegación implica una renuncia total a éste último.** (Énfasis nuestro).

C. El caso de Menna v. New York, 423 U.S. 61 (1975)

El contexto en que se origina la alegación de culpabilidad del peticionario y posterior preacuerdo nos obliga a considerar lo resuelto por el Tribunal Supremo de Estados Unidos en el caso de Menna v. New York, supra. **En el citado caso, la Corte Suprema federal evaluó y rechazó constitucionalmente el planteamiento de que un acusado renuncia a presentar la defensa de doble exposición por meramente haber realizado una alegación de culpabilidad.**

En Menna v. New York, supra, un acusado se rehusó a cooperar en una investigación sobre la conspiración de un asesinato, a pesar de que previamente el Estado le había otorgado inmunidad si ayudaba a esclarecer los hechos. En específico, no testificó en dos ocasiones, el 7 de noviembre de 1968 ni el 18 de marzo de 1969. Por no haber testificado en la ocasión del 18 de marzo de 1969 fue acusado y sentenciado por desacato. Así, cumplió 30 días de restricción carcelaria. Sin embargo, posteriormente, fue acusado por desacato a raíz de no haber testificado el 7 de noviembre de 1968. En respuesta, el acusado alegó ante el Tribunal de Primera Instancia del Estado de Nueva York que el caso debía ser desestimado al amparo de la cláusula constitucional contra la doble exposición. Tras

no prevalecer en su planteamiento, el acusado realizó una alegación de culpabilidad y fue sentenciado. El acusado apeló ante la Corte de Apelaciones del Estado de Nueva York, pero dicho foro confirmó la sentencia y denegó atender la controversia sobre la doble exposición en los méritos. En particular, dicho tribunal dispuso que el reclamo sobre doble exposición quedó renunciado por el acusado en el momento en que realizó la alegación de culpabilidad. Finalmente, el Tribunal Supremo federal revocó la sentencia.

Al interpretar la Quinta Enmienda de la Constitución Federal, extensible a Puerto Rico, en Menna v. New York, supra, **el Tribunal Supremo federal resolvió expresamente que una persona no renuncia, en apelación, al planteamiento de doble exposición por meramente hacer una alegación de culpabilidad.** Es decir, se estableció que una alegación de culpabilidad en un segundo proceso no implicaba una renuncia automática al derecho de reclamar la desestimación del segundo proceso fundado en la protección contra la doble exposición. **De esa forma, el Tribunal Supremo federal expresó claramente que la convicción debía dejarse sin efecto porque el Estado estaba impedido constitucionalmente de sentenciar a una persona por el mismo delito.** ("Where the State is precluded by the United States Constitution from hailing a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the

conviction was entered pursuant to a counseled plea of guilty.") Menna v. New York, supra, pág. 62.[29]

Al respecto, la profesora Resumil comenta lo siguiente:

> A la vez que hizo claro que la decisión no implica que la defensa de doble exposición sea jurisdiccional, en *Menna* el Tribunal entendió que cuando el derecho estatal impide el proceso, la protección federal **requiere que la convicción por el cargo imputado sea anulada aun cuando haya sido el producto de una alegación de culpabilidad aconsejada al acusado por su abogado.** (Énfasis nuestro).[30]

Catorce años después de que fuera resuelto el caso de Menna v. New York, supra, el Tribunal Supremo federal tuvo la oportunidad de explicar la norma allí pautada a través de United States v. Broce, 458 U.S. 563 (1989).

Los hechos de United States v. Broce, supra, se originaron cuando un acusado se declaró culpable de dos acusaciones sobre conspiración por las cuales fue sentenciado. Posteriormente, el señor Broce presentó una moción de desestimación al amparo de la cláusula constitucional en contra de la doble exposición. Ello, toda vez que advino en conocimiento de que en un caso en el que se procesaba a otro individuo por los mismos

---

[29] Ahora bien, el Tribunal Supremo federal, en una nota al calce, expresó que lo resuelto en la Opinión no significaba que el derecho contra la doble exposición nunca podría renunciarse ("We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute.") Menna v. New York, 423 U.S. 61,63 (1975) n. 2.

[30] O.E. Resumil, Práctica Jurídica de Puerto Rico, Derecho Procesal Penal, Orford, New Hampshire, Ed. Butterworth Legal Publishers, 1993, Tomo. II, pág.295.

sucesos salió a relucir que los hechos procedían de una sola conspiración. Ante la denegatoria de la moción de desestimación, éste apeló y la sentencia fue revocada.

Sin embrago, el Tribunal Supremo federal revocó al foro apelativo intermedio tras concluir que cuando un acusado hace alegación de culpabilidad por dos conspiraciones independientes una de la otra no puede atacar la alegación de culpabilidad a través de la presentación de evidencia nueva que obre fuera del récord, mediante la cual pretenda demostrar que dichas conspiraciones constituían una sola y que, consecuentemente, ello impide la convicción por ambas conspiraciones. United States v. Broce, supra, pág. 565.

De esta manera, el Tribunal Supremo federal restringe la norma pautada en Menna v. New York, supra. En cuanto a ello, la profesora Resumil explica que "[e]n *Broce…* la Corte restringió la doctrina a aquellos casos en que los fundamentos del planteamiento surjan del expediente y no requieran una vista evidenciaria sobre el mismo"…[31]

Nótese que la norma pautada en Menna v. New York, supra, se sostiene en United States v. Broce, supra y así se hace constar en la Opinión. En específico, United States v. Broce, págs. 575-576, reitera que no se renuncia a plantear la defensa de doble exposición por el

---

[31] Resumil, op. cit., pág. 296.

mero hecho de hacer una alegación de culpabilidad, cuando para aplicar la defensa no es necesario ir más allá del récord.[32]

D.  **La Retroactividad de una nueva norma de carácter penal y constitucional adoptada jurisprudencialmente**

En Griffith v. Kentucky, 479 U.S. 314 (1987), el Tribunal Supremo de Estados Unidos extendió la aplicación retroactiva de todas las normas constitucionales de índole penal a todos los casos que al momento de su adopción no hubieran advenido finales.

De conformidad con lo anterior, en Pueblo v. González Cardona, 153 DPR 765, 774 (2001) este Foro adoptó la aplicación retroactiva de las normas jurisprudenciales cuyo efecto es proveer una defensa de carácter constitucional a un acusado. Ello, siempre que al momento de adoptarse dicha norma la sentencia de la cual se recurre no haya advenido final y firme. Íd.

Además, el profesor Chiesa Aponte señala que un

---

[32] El texto original de la Opinión lee como sigue:
"In neither *Blackledge* nor *Menna* did the defendants seek further proceedings at which to expand the record with new evidence. In those cases, the determination that the second indictment could not go forward should have been made by the presiding judge at the time the plea was entered on the basis of the existing record. Both *Blackledge* and *Menna* could be (and ultimately were) resolved without any need to venture beyond that record. In *Blackledge,* the concessions implicit in the defendant's guilty plea were simply irrelevant, because the constitutional infirmity in the proceedings lay in the State's power to bring any indictment at all. In *Menna,* the indictment was facially duplicative of the earlier offense of which the defendant had been convicted and sentenced so that the admissions made by Menna's guilty plea could not conceivably be construed to extend beyond a redundant confession to the earlier offense." United States v. Broce, 488 U.S 563, 575-576(1989).

precedente jurisprudencial de carácter penal debe tener efecto retroactivo en los escenarios en que la nueva norma establezca que la conducta está inmune a castigo, **expanda el alcance de una defensa disponible al acusado** o restrinja la pena por determinado delito.[33] En específico, el profesor Chiesa Aponte concluye que: "[p]or supuesto, la nueva norma de *Sánchez Valle* tiene efecto retroactivo y debe aplicarse en todo caso en que no haya recaído sentencia firme".[34]

## III

Como señalamos, el 21 de abril de 2014 el peticionario fue sentenciado en la esfera federal por delitos cometidos el 2 de noviembre de 2013. Ante ello, el 1 de mayo de 2014, éste solicitó la desestimación de los cargos estatales, en virtud de la protección constitucional contra la doble exposición, ya que los delitos imputados en Puerto Rico también surgían de los eventos ocurridos el 2 de noviembre de 2013. Empero, el Tribunal de Primera Instancia declaró "no ha lugar" la moción de desestimación presentada por el peticionario. Ante la denegatoria de la petición de desestimación, el día del juicio el peticionario realizó unas alegaciones de culpabilidad por varios de los delitos imputados. Tal aceptación de culpabilidad conllevó la imposición de unas

---

[33] E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1992, Vol. II, pág.567.

[34] E.L Chiesa Aponte, Derecho Procesal Penal,85 Rev. Jur. UPR 477, 498 (2016).

sentencias que totalizaron 16 años de prisión a cumplirse de forma concurrente con la sentencia en la esfera federal.

Así las cosas, el peticionario presentó un recurso de *certiorari* ante el Tribunal de Apelaciones, pero dicho foro denegó la expedición. Aún inconforme, el peticionario acudió ante esta Curia. Veamos.

Para atender el primer señalamiento de error, debemos cuestionarnos lo siguiente: ¿renunció el peticionario a reclamar en apelación la defensa de doble exposición por haber realizado una alegación de culpabilidad y un posterior preacuerdo en el segundo proceso llevado a cabo en la esfera estatal? Contestamos en la negativa.

Como mencionáramos, en las circunstancias del caso de autos **la alegación que realizó el peticionario en la esfera estatal no equivale a una renuncia a levantar en apelación el planteamiento de doble exposición.** Menna v. New York, supra, pág. 62. En este caso, como en Menna v. New York, supra, el peticionario no venía obligado a atacar la voluntariedad de su alegación y podía optar, como en efecto hizo, por presentar el planteamiento de doble exposición. Ello, puesto que, luego de nuestra determinación en Pueblo v. Sánchez Valle, supra, el Tribunal de Primera Instancia estaba impedido constitucionalmente de sentenciar al peticionario, sin antes determinar por cuales delitos el peticionario

estaría siendo expuesto dos veces. <u>Menna v. New York</u>, supra, pág. 62. De lo contrario, estaríamos avalando que se expusiera, condenara y castigara al peticionario dos veces, ello en clara contravención a la cláusula contra la doble exposición.

Por otro lado, para que aplique la protección contra la doble exposición no basta con que se inicie un segundo proceso penal en contra de la persona por los mismos hechos, sino que se requiere que el segundo proceso sea por el mismo delito o por uno menor incluido por el cual ya fue expuesto, convicto o absuelto en el primer proceso. Sobre este asunto, en su Resolución denegando la moción de desestimación, el Tribunal de Primera Instancia determinó lo siguiente: **"En el presente caso no es un hecho en controversia que el acusado fue encontrado culpable en la jurisdicción federal por delitos que surgen de los <u>mismos hechos</u> por los cuales fue acusado en nuestra jurisdicción"**.[35] (Énfasis suplido). Entonces, en esta etapa debemos cuestionarnos lo siguiente: ¿los delitos por los que el peticionario realizó una alegación de culpabilidad en Puerto Rico son los mismos (o unos menores incluidos) por los cuales éste fue sentenciado en el Tribunal Federal?

En su comparecencia ante este Foro, la Procuradora General reconoció que al menos uno de los delitos por los

---

[35] Véase *Resolución*, Apéndice de la Petición de *certiorari*, págs. 179-180.

que el peticionario realizó alegación de culpabilidad y se le sentenció en Puerto Rico es el mismo por el cual cumple sentencia en la esfera federal. En consideración a lo anterior, y a que el Tribunal de Primera Instancia aún no ha pasado juicio sobre si los delitos o alguno de éstos son los mismos, o uno menor incluido, procede devolver el caso al foro de instancia para que las partes argumenten al respecto y el tribunal realice el examen sobre comparación de delitos y la adjudicación correspondiente. Consecuentemente, si el Tribunal de Primera Instancia determina que los delitos, o alguno de éstos, por los que el peticionario realizó alegación de culpabilidad en Puerto Rico son los mismos que los federales (o unos menores incluidos), dicho foro deberá anular las sentencias dictadas en virtud de las correspondientes alegaciones de culpabilidad.

De otra parte, con respecto al segundo señalamiento de error, es meritorio cuestionarnos lo siguiente: ¿si la norma pautada en Pueblo v. Sánchez Valle, supra, debe tener efecto retroactivo? Contestamos en la afirmativa.

Como mencionáramos, mientras el caso del peticionario se encontraba pendiente ante este Tribunal se resolvió Pueblo v. Sánchez Valle, supra, el cual fue, posteriormente, confirmado por el Tribunal Supremo federal. Allí revocamos a Pueblo v. Castro García, supra, pág. 598, al interpretar que una persona no puede ser procesada en los tribunales de Puerto Rico por el mismo

delito, o por uno menor incluido, cuando un tribunal federal ya la expuso, condenó o absolvió. Dicha norma, fundada en la cláusula constitucional que protege contra la doble exposición, debe aplicarse retroactivamente. Ello, debido a que toda norma jurisprudencial que tenga por propósito proveer una defensa de carácter constitucional a un acusado tiene efecto retroactivo. Pueblo v. González Cardona, supra. Conforme a lo anterior, y al no haber recaído sentencia firme en el caso ante nuestra consideración, procede entonces la aplicación retroactiva de la norma establecida en Pueblo v. Sánchez Valle, supra.

Por consiguiente, podemos colegir que no existe base legal para que el peticionario quede desprovisto de su derecho constitucional a no ser expuesto dos veces por la comisión de un mismo delito o uno menor incluido.

## IV

Por los fundamentos expuestos, expedimos el recurso de *certiorari*, revocamos la denegatoria de expedición del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que resuelva de conformidad con lo expuesto en la Opinión que antecede.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

Richard Torres Irizarry

    Peticionario

CC-2014-1030     Certiorari

SENTENCIA

San Juan, Puerto Rico, a 15 de septiembre de 2017.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, expedimos el recurso de *certiorari*, revocamos la denegatoria de expedición del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que resuelva de conformidad con lo expuesto en la Opinión que antecede.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Colón Pérez concurre con el resultado sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez emitió la siguiente expresión de conformidad en parte y disidente en parte:

Coincido con la Mayoría en la aplicación a este caso de la normativa surgida a partir de Pueblo v. Sánchez Valle, 192 DPR 594 (2015). Sin embargo, difiero del curso procesal perseguido al devolver el caso al foro primario para que adjudique el planteamiento de doble exposición según los delitos específicos aquí imputados. Esa constituye una determinación de estricto derecho que

este Tribunal estaba en posición de resolver en atención a que el peticionario impugnó la totalidad de la sentencia en su contra y que los criterios reconocidos de doble exposición solo se extienden a escenarios que involucren los mismos delitos o delitos menores incluidos. Véase Íd., pág. 603 citando a Blockburger v. United States, 284 U.S. 299 (1932). Disiento en tanto se retrasa innecesariamente la disposición final de este caso al remitir esa determinación a los foros inferiores.

La Juez Asociada señora Rodríguez Rodríguez no intervino.


                        Sonnya Isabel Ramos Zeno
                Secretaria del Tribunal Supremo, Interina